# FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE APR 10 2014

for CHIEF JUSTICE



This opinion was filed for record
at 8:00 a.m. on Apr 10, 2014

Ronald R. Carpenter
Supreme Court Clerk



# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, Respondent, v. ROBERT C. KINNAMAN, Petitioner. | NO. 89342-0 <br><br> EN BANC <br><br> Filed: APR 10 2014 |

PER CURIAM—Robert Kinnaman pleaded guilty in February 2012 to attempting to elude a pursuing police vehicle. He also agreed to a special finding that supported a sentence enhancement. At sentencing Mr. Kinnaman moved to withdraw his agreement to the sentencing enhancement only. The trial court denied the motion and sentenced Mr. Kinnaman. The Court of Appeals found the plea involuntary and indivisible and reversed, remanding the matter to the trial court for vacation of the entire plea. We disagree with the appellate court's holding that the entire plea should be vacated; neither party sought that result. Therefore, we reverse the Court of Appeals and affirm the trial court's order denying Mr. Kinnaman's motion to withdraw his agreement to the special finding.

Deputy Sheriff Kevin Schrader heard that Mr. Kinnaman was staying at a residential trailer park. Intending to arrest Mr. Kinnaman on an outstanding arrest warrant, Deputy Schrader parked outside and waited for Mr. Kinnaman to leave. When Mr. Kinnaman got into his car and pulled out of the park, Deputy Schrader activated his emergency lights to pull Mr. Kinnaman over. Instead of pulling over, Mr. Kinnaman slowed down, and a passenger leapt from the vehicle. Mr. Kinnaman then led the deputy on a high speed chase, passing through an active road construction site at one point. Mr. Kinnaman was eventually stopped and arrested.

The State charged Mr. Kinnaman with attempting to elude a pursuing police vehicle, alleging also as a special sentence enhancement that Mr. Kinnaman endangered persons other than himself and the pursuing officer. Mr. Kinnaman pleaded guilty to the crime and also agreed to the special finding of endangerment. The special finding allowed the trial court to add 12 months and 1 day to the standard range sentence imposed on the criminal conviction. At sentencing Mr. Kinnaman moved to withdraw his agreement to the special finding when he learned that the State would not present witnesses, arguing that the State had no evidence to support finding that he endangered other persons. The trial court denied the motion, ruling that Mr. Kinnaman had waived any evidentiary challenge by pleading guilty and agreeing to the special finding.

Mr. Kinnaman appealed and renewed his argument that he should be allowed to withdraw his agreement to the special finding because it had no evidentiary support. He also argued for the first time that the sentence enhancement imposed was contrary to law due to a mutual mistake because he agreed to and was sentenced to an additional 12 months but the statute defining the enhancement mandated an additional 12 months and one day. Citing *State v. Barber*, 170 Wn.2d 854, 873, 248 P.3d 494 (2011), Mr. Kinnaman argued that when the parties agree to a sentence contrary to the

law, the defendant should be allowed to withdraw "that part of the plea." The Court of Appeals concluded that this mistake rendered Mr. Kinnaman's plea involuntary, but finding that the plea agreement was indivisible, the court held that Mr. Kinnaman could not withdraw his plea just to the sentencing enhancement. The court then remanded the matter to the trial court to vacate the plea. We grant Mr. Kinnaman's petition for review and affirm the trial court's order denying his motion to withdraw his agreement to the special finding.

Mr. Kinnaman argues that his plea agreement is divisible in that he should be allowed to withdraw only his agreement to the special finding. But Mr. Kinnaman pleaded guilty to only one crime, so there is simply no question of divisibility. *See State v. Bisson*, 156 Wn.2d 507, 519, 130 P.3d 820 (2006) (trial court must treat a plea agreement as indivisible when pleas to *multiple counts or charges* were made at the same time, described in one document, and accepted in a single proceeding). Mr. Kinnaman never argued that his plea to the only crime charged was involuntary. Rather, he argued in the Court of Appeals that the parties agreed to a sentence contrary to the law, so that under *Barber* he should be allowed to withdraw his plea "to the endangerment allegation." But *Barber* dealt with the remedy once a defendant shows his plea is involuntary. Moreover, Mr. Kinnaman's sentence was not contrary to law because the judgment and sentence shows that the trial court added an additional 12 months and 1 day to his sentence based on the special finding. The trial court therefore did not impose a sentence in excess of its statutory authority.

Mr. Kinnaman did not move to withdraw his guilty plea to the crime, and he did not argue to the Court of Appeals that his plea to the crime was involuntary. Rather, as noted, he argued that his sentence enhancement was entered in excess of the trial court's statutory authority and thus he should be entitled to withdraw his agreement to the special finding.

We reverse the Court of Appeals and affirm the trial court's denial of Mr. Kinnaman's motion to withdraw his agreement to the special finding supporting his sentencing enhancement.